Dismissed and Memorandum Opinion filed November 10, 2005









Dismissed and Memorandum Opinion filed November 10,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-01027-CV

____________

 

LOUIS CHARLES
BUNDAGE, Appellant

 

V.

 

LELA MAE
ATTAWAY, Appellee

 



 

On Appeal from the 215th District
Court 

Harris County
, Texas

Trial Court Cause No.
05-34253

 



 

M E M O R A N D U M  O
P I N I O N

According to appellant=s notice of appeal, this is an
attempted appeal is from an August 16, 2005 order denying appellant=s motion for default judgment.[1]  No clerk=s record has been filed.  The clerk responsible for preparing the
record in this appeal informed the court appellant did not make arrangements to
pay for the record. 








On October 27, 2005, notification was transmitted to all
parties of the court=s intention to dismiss the appeal for want of prosecution
unless, within fifteen days, appellant paid or made arrangements to pay for the
record and provided this court with proof of payment.  See Tex.
R. App. P. 37.3(b).  On October
28, 2005, appellant filed a response to this court=s notice in which he asserted he is
unable to pay any costs at this time.

Appellant=s response does not comply with the requirements for
establishing indigence as set forth in the Texas Rule of Appellate Procedure.  See Tex.
R. App. P. 20.1(b) (setting forth required contents of affidavit of
indigence); 20.1(c) (requiring affidavit to be filed in the trial court with or
before the notice of appeal).  Therefore,
appellant is not entitled to proceed without the advance payment of costs.  See Tex.
R. App. P. 20.1(a).  

Accordingly, the appeal is ordered dismissed.  See Tex.
R. App. P. 37.3(b). 

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed November 10, 2005.

Panel consists of Chief Justice
Hedges and Justices Yates and Anderson.

 











[1]  While it
appears that this court may lack jurisdiction over this attempted appeal from
an interlocutory order, jurisdiction cannot be ascertained in the absence of a
clerk=s record.